UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORETTA ANN GORDON,

       Plaintiff,                CIVIL ACTION NO. 09-13631

v.                              DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on August 8, 2006, alleging that she had become disabled and unable to work on January 12, 2006, at age 47, due to severe joint pain and high blood pressure. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on August 18, 2008, before Administrative Law Judge (ALJ) E. James Gildea. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work, which did not involve climbing ladders, ropes or scaffolding. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 49 years old at the time of the administrative hearing (TR 32). She had been graduated from high school, and had been employed during the relevant past as a merchandise supervisor for a department store (TR 34-35, 60). As a merchandise supervisor, she was required to be on her feet for most of the work day. She had to constantly handle and grasp large objects. She was required to lift about 50 pounds on a regular basis (TR 60-62).

Claimant stopped working in December 2005, shortly after injuring her back at work (TR 37). Pain medications allegedly proved ineffective, and caused such side-effects as impaired concentration and chronic fatigue (TR 36-37). Plaintiff estimated that she could stand for 5 minutes, sit for 20 minutes, and walk just 100 feet using a cane (TR 51-52). She claimed that she was forced to lie down for several hours each day in order to get any pain relief (TR 53). The back pain radiated down her left leg, and had become worse after a recent fall in which she broke her ankle (TR 38-39). Plaintiff described swelling in both her left knee and ankle (TR 40). As a result of ligament and tendon damage in her left shoulder, the claimant was unable to lift her arm (TR 43).

A Vocational Expert, Thomas Dunleavy, classified Plaintiff's past work as heavy, skilled activity (TR 60). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[1] (TR 62-63). If she were capable of sedentary work, however, there were numerous unskilled assembly, inspection, sorting and cashier jobs that she could perform with minimal vocational adjustment (TR 63). These simple, routine jobs did not require climbing stairs, ropes or scaffolds (TR 62).

---

[1]The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 63).

**2**

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative joint disease and disorders of the spine (degenerative and discogenic), but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from climbing stairs, ropes and scaffolds, but he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en

banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she retained the residual functional capacity for sedentary work activity. She claims that the ALJ erred in weighing the evidence, and gave insufficient weight to the disability opinion of her treating doctor. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff failed to corroborate her disability claim with objective clinical evidence demonstrating her inability to perform sedentary work for a continuous period of twelve months.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegation of totally disabling joint pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Plaintiff has had a history of joint trauma suffered at work that predated her alleged onset date of disability. She injured her right knee in 1999 (TR 372-376), right elbow in 2001 (TR 385-386), right buttock in 2002 (TR 387) and her left wrist in 2005 (TR 365-370). Following each injury, the claimant was able to return to her physically demanding past work after a short period of recuperation.

After straining her back in September 2005 (TR 293), Plaintiff made good progress toward her physical therapy goals (TR 219-223). An examination in May 2006, failed to

reveal any neurological cause for her continued complaints of leg pain. Plaintiff had normal motor strength in both arms and in her left leg. She had a normal gait and no observable motor deficits (TR 190). Dr. Daniel Souphis, a treating doctor, stated in June 2006, that Plaintiff's back pain had prevented her from working since January 2006. The treating physician opined, however, that she could return to work after August 31, 2006 (TR 304-305). Accepting the treating doctor's determination regarding the length of disability, Plaintiff has failed to prove that she was unable to work as a result of her back condition for a continuous period of twelve months from her alleged onset date of January 2006.

When evaluating Plaintiff's residual physical functional capacity, the Administrative Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded in September 2006, that the claimant could perform a restricted range of light work, despite her back pain (TR 351-358). The ALJ restricted Plaintiff to sedentary level work as an added safeguard against the dangers of heavier lifting (TR 21).

Following an ankle fracture and the bruising of her left knee and shoulder in a January 2008 fall (TR 394-396), Plaintiff underwent physical therapy to help alleviate her joint pain (TR 399-401). The therapy was reportedly successful in reducing the ankle and shoulder pain (TR 496-497). An orthopedic evaluation of claimant's back in April 2008, ruled out spinal surgery in favor of continued conservative treatment and pain management (TR 361). Arthroscopic surgery on the left knee in June 2008, helped to ease joint tenderness (TR 548-550). In light of such evidence, the Commissioner could reasonably

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain were not fully credible.

There was no objective medical evidence suggesting that Plaintiff needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require any climbing of stairs, ropes or scaffolds. The ALJ further restricted claimant to jobs that required only occasional balancing, stooping, kneeling, crouching and crawling (TR 19).

By establishing that she could not return to her past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection, sorting and cashier jobs that she could perform with minimal vocational adjustment (TR 62-63). These simple, routine jobs did not require climbing ladders, ropes or scaffolds. Balancing, stooping, kneeling, crouching and crawling were kept to a minimum. Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that

of Defendant granted and the instant Complaint dismissed. It is also recommended that Plaintiff's Motion for Extension filed May 25, 2010 be denied as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: June 2, 2010

___

**CERTIFICATE OF SERVICE**

I hereby certify on June 2, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 2, 2010: **None.**

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217